BARRY, Judge.
This appeal is from the denial of a preliminary injunction seeking to enjoin exec-utory process. The delinquent debtor alleges the plaintiff is not the “holder” of the note and claims there is a variance between the note and mortgage on how to calculate interest.
On July 31, 1985 Gulf Federal Savings Bank, d/b/a Gulf Federal Savings & Loan Association of Jefferson Parish, filed for executory process on Eric B. France’s $110,583.02 delinquent mortgage. France obtained a temporary restraining order, but on December 18 the trial court recalled the order and denied a request for a preliminary injunction. France filed a devolutive appeal and obtained a stay pending the appeal.
On February 20, 1986 Gulf Federal filed a motion to vacate the stay (which was not signed), but the trial court noted the stay would be revoked March 12, 1986. On March 11 France filed for reorganization in bankruptcy court, then filed a motion to stay in this court which was denied:
By the present motion for a stay defendant-appellant is attempting to obtain a writ of prohibition from this court directed to the trial court to prohibit plaintiff-appellee from proceeding with its foreclosure. He is attempting to enjoin the foreclosure after being denied this relief in the trial court.
We are not convinced that the exercise of our supervisory jurisdiction is warranted to provide defendant-appellant with a stay which might be more properly obtainable as ancillary relief from the bankruptcy court if such relief is warranted by the bankruptcy laws and the rules of that court.
France argues Gulf Federal Savings Bank presented no authentic evidence as to how it became the holder of the note which *619 is made payable to Gulf Federal Savings and Loan Association of Jefferson Parish. He asserts there is no endorsement or evidence they are the same corporation.
La.C.C.P. Art. 2635 in pertinent part provides:
The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege.
(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
(4) Any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiff’s right to use executory process.
This requirement of authentic evidence is necessary only in those cases, and to the extent, provided by law.
According to C.C.P. Art. 2636:
The following documentary evidence shall be deemed to be authentic for purposes of executory process:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege, paraphed for identification with the act of mortgage or privilege by the notary or other officer before whom it is executed;
(2) A certified copy or a duplicate original of an authentic act;
(6) All other documentary evidence recognized by law as authentic.
Authentic evidence as to a bank’s right to use executory process may be made by the certificate of any officer of the bank as provided in La.R.S. 6:334:
In the event of foreclosure by executory process of a mortgage on either movable or immovable property in favor of a supervised financial organization, the certificate of any officer thereof, under the seal of the supervised financial organization, certifying as to the amount due on the mortgage, the interest rate as applicable, and the maturity thereof by reason of the failure of the mortgagor, his assigns, or successors to comply with the obligations imposed on him by the act of the mortgage is authentic evidence of the facts recited in the certificate.
The caption of Gulf Federal Savings Bank’s petition states that it is doing business as Gulf Federal Savings and Loan Association. The petition contains a notarized certificate by Gulf Federal’s president as to the amount due, interest rate and maturity date of the note. The certificate verifies that Gulf Federal Savings Bank is doing business as Gulf Federal Savings and Loan Association of Jefferson Parish and is the payee named on the note, the vendor on the mortgage, and is the holder and owner for value.
Gulf Federal Savings Bank attached to its petition the paraphed note identified with the notarial act and a certified copy of the mortgage which contains a confession of judgment. The petition, documents and certification contain the necessary facts to establish Gulf Federal Savings Bank’s status as holder of the note.
France also contends executory process was improper because of a variance between the note and mortgage on how to calculate interest. He argues the “per an-num” rate on the note means a 365 day year, whereas the interest on the mortgage states 360 days. He points out the variance is not a typographical error because both provisions are printed.
The note recites that France will be charged “interest at the rate of 13V2 per cent, per annum from date until paid. Principal, interest and other charges payable in monthly installments, as set out in the act with which this note is identified ... The payments are to be applied as set forth in said act, which is, by reference, made a part of said note.” The mortgage provides that “all interest is to be calculated monthly by use of the three hundred and sixty (360) day interest tables.”
*620 The mortgage specifies the exact basis on which to calculate the 1372% interest and the note incorporates the terms of the mortgage. The net result leaves no doubt as to the payor’s annual obligation.
The judgment of the trial court is affirmed.
AFFIRMED.